

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-949

| | | |
|---|---|---|
| KIMBERLY STIBICH | | **Opinion Delivered** June 3, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. DR–2007–457–III] |
| V. | | |
| ADAM STIBICH | | HONORABLE RUSSELL ROGERS, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED |

## CLIFF HOOFMAN, Judge

This is an appeal from an amended final order that followed lengthy and contentious domestic-relations litigation. We do not reach the merits of the appeal and, instead, order rebriefing because of deficiencies in the appellant's abstract and addendum.

Kimberly and Adam Stibich married in May 1998, and two children were born of the marriage. In May 2007, Kimberly filed for divorce from Adam. The trial court entered a decree of divorce in September 2009 granting custody of the children to Kimberly and visitation to Adam. However, the order did not dispose of the parties' property issues. Adam filed an interlocutory appeal of the trial court's final custody determination pursuant to Arkansas Rule of Appellate Procedure–Civil 2(d). This court affirmed that decision. *See Stibich v. Stibich*, 2011 Ark. App. 308, 378 S.W.3d 906.

A mere three months after the September 2009 order was entered, Adam filed a motion for contempt, a motion for psychological evaluation, a motion to change custody,

and a motion to reduce his child-support obligation. Adam's pleading set into motion litigation that would continue for the next four years. In December 2013, the trial court entered an exhaustive amended final order that fully and finally disposed of all pending issues in this case and is the subject of the present appeal. However, we are unable to reach the merits of this appeal because of briefing deficiencies.

Arkansas Supreme Court Rule 4–2(a)(5) requires an appellant to create an abstract of the material parts of all the transcripts in the record. An appellant's abstract should consist of an impartial condensation of the material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the court for decision. *Davis v. Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1993). Where an abstract is a partisan account and is in no sense an impartial condensation of the record, it fails to meet the requirements of Rule 4-2. *Weston v. State*, 265 Ark. 58, 576 S.W.2d 705 (1979).

Kimberly's abstract fails to offer an impartial condensation of the record. Our review indicates that she often neglects to include portions of the record that were not beneficial to her case in her abstract. Accordingly, this deficiency must be cured.

Kimberly also fails to comply with our rule requiring that all material parts of all hearing transcripts, trial transcripts, and deposition transcripts be abstracted. Ark. Sup. Ct. R. 4-2(a)(5)(A). Dr. Virginia Krauft performed an evaluation of the parties. Although Dr. Krauft did not testify at the trial of this matter, she was deposed and her testimony was introduced as an exhibit at trial. This deposition testimony is material to the appeal and must



be properly abstracted.

Additionally, we note that, in contravention of our rules, Kimberly often summarized several pages of testimony without appropriate references to the record. Rule 4–2(a)(5)(B) requires that "no more than one page of a transcript shall be abstracted without giving a record page reference." This deficiency must be corrected as well.

A review of Kimberly's addendum also indicates deficiencies that must be corrected. Our rules require that the addendum must include *all* notices of appeal. Ark. Sup. Ct. R. 4–2(a)(8)(A)(i) (emphasis added). A total of seven notices of appeal were filed in this case, and only four of the notices of appeal are included in the addendum. Moreover, Kimberly's addendum does not contain copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(8). Most notably, she neglects to include a copy of the complaint for divorce or an answer to the complaint. Her addendum also lacks a full and complete copy of several of the trial court's orders essential for our review.

Our rules require an abstract or abridgement of the record because there is only one record, and it is impractical, and often times impossible, for each judge to review the record. *Davis v. Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1993). This is particularly true in this case, because of the voluminous nature of the appeal. Because of Kimberly's failure to comply with our abstracting and addendum rules, we order her to file a substituted brief curing the deficiencies within fifteen days from the date of entry of this order pursuant to Rule 4-

2(b)(3). After service of the substituted brief, Adam shall have the opportunity to file a responsive brief.

While we have noted the above-mentioned deficiencies, the materials listed herein are not intended as an exhaustive list of deficiencies. We encourage the appellant to review Rule 4-2 to ensure that no other deficiencies are present. If she fails to cure the deficiencies within the prescribed time, the order appealed from may be affirmed for noncompliance with this rule. Ark. Sup. Ct. R. 4-2(b)(3).

Rebriefing ordered.

KINARD and WHITEAKER, JJ., agree.

*Kimberly Rae Stibich*, pro se appellant.

No response.

4